1 | James A. Jones
Karla S. Jackson
2 | GILLESPIE, ROZEN, WATSKY, MOTLEY
& JONES, P.C.
3 | 3402 Oak Grove Avenue, Suite 200
Dallas, Texas 75204
4 | jaj@grwlawfirm.com
kjackson@grwlawfirm.com
5 | Telephone: (214) 720-2009
Facsimile:  (214) 720-2291
6

Richard J. Burch
7 | BRUCKNER & BURCH, P.L.L.C.
5847 San Felipe, #3900
8 | Houston, Texas 77057
rburch@brucknerburch.com
9 | Telephone: (713) 877-8788
Facsimile:  (713) 877-8065
10

George McCaffrey
11 | MCCAFFREY & ASSOCIATES, P.L.L.C.
6301 Waterford Blvd., Suite 401
12 | Oklahoma City, OK 73118
Telephone: (405) 767-3300
13 | Facsimile:  (405) 767-3309
george@mccaffreylegal.com
14

Micha Star Liberty, SBN 215687
15 | Liberty Law Office
78 First Street
16 | San Francisco, California 94105-2523
micha@libertylawoffice.com
17 | Telephone: (415) 896-1000
Facsimile:  (415) 896-2249
18

Attorneys for Plaintiff Brenda Miles, individually and on behalf of all persons similarly situated.

**1**
COMPLAINT

**UNITED STATES DISTRICT COURT
DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| **Brenda Miles, individually and on behalf of all persons similarly situated,**<br><br>**Plaintiff**<br><br>vs.<br><br>**WELLS FARGO MORTGAGE COMPANY and WELLS FARGO HOME MORTGAGE, INC,. a division of WELLS FARGO BANK NATIONAL ASSOCIATION,**<br><br>**Defendants,** | Case No. _____<br><br>**ORIGINAL COMPLAINT**<br><br>**CLASS ACTION**<br><br>**1. COLLECTIVE ACTION FOR VIOLATIONS OF FLSA, 29 U.S.C. SECTIONS 201 et seq., 207, 211(c) AND 216 (b); UNLAWFULLY WITHHELD WAGES, INCLUDING UNPAID OVERTIME PREMIUM, LIQUIDATED DAMAGES, FAILURE TO MAINTAIN RECORDS, PENALTIES, COSTS, AND ATTORNEY'S FEES; FAILURE TO PAY OVERTIME WAGES**<br><br>**2. UNFAIR BUSINESS PRACTICES PURSUANT TO CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTIONS 1720 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs hereby allege:

### I.     NATURE OF THE ACTION

1.     This lawsuit is brought as a nationwide collective active, as a class action, and as a representative action to recover unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties and damages pursuant to Fair Labor Standards Act, as amended, 29 U.S.C. Sections 201 et seq. (hereinafter "FLSA") and for restitution and injunctive relief pursuant to California Business and Professions Code sections 17200 et seq.

2.     Brenda Miles brings this lawsuit individually and on behalf of all other similarly situated employees ("Plaintiffs") of Wells Fargo Home Mortgage, Inc. a division of, Wells Fargo Bank National Association, and Wells Fargo Mortgage Company ("Defendants") whose job duties include or included selling and originating loans, whether prime, sub-prime, or any other (commonly referred to as "Loan Officers" and/or "Home Mortgage Consultants") to recover damages, liquidated damages, costs of suit, and attorneys' fees resulting from defendants' failure to pay overtime wages.

3.     This Court had jurisdiction over Plaintiffs' claims pursuant to Fair Labor Standards

1   Act of 1938, as amended , 29 U.S.C. Sections 207 et seq. and 28 U.S.C. Sections 1331 and 1337.

2   4.  This Court has Supplemental Jurisdiction over other claims raised herein pursuant to
3   28 U.S.C. Section 1367(a) because they are so related to claims in the action within such original
4   jurisdiction that they form part of the same case or controversy.

5   5.  At all times relevant herein, Defendants are and were business entities whose
6   corporate headquarters and principal place of business were located in California. This Court has
7   jurisdiction over the claims of Plaintiffs' against Defendants because the unlawful conduct of
8   Defendants' occurred in and/or emanated from California.

9   6.  Plaintiffs have sufficient contacts with the state of California such that jurisdiction
10  of this Court over their claims is neither arbitrary nor unfair.

## II. VENUE

12  7.  Venue is proper in this District under 28 U.S.C. sections 1391 (b) and (c).
13  Defendants are California Corporations with principal places of business in California and has
14  contacts sufficient to subject them to personal jurisdiction within this district. Venue is proper in this
15  district because Defendants reside in this district.

16  8.  Venue is proper in this District under 28 U.S.C. section 1391 (b) (2) and Northern
17  District of California Local Rule 3-2(c) and (d) because a substantial amount of the events or
18  omissions giving rise to claims of Plaintiffs occurred in this District.

## III. PARTIES

20  9.  Brenda Miles ("Miles") brings this claim on behalf of herself and on behalf of
21  similarly situated employees. Plaintiff Miles was employed by Defendants as a Loan Officer and/or
22  Home Mortgage Consultant from approximately August 2003 to approximately February 2005. See
23  Exhibit A, Miles' Consent to Join Form.

24  10.  Miles was required to perform work for Defendants, including overtime work, for
25  which she was not paid.

26  11.  Plaintiff Miles is and at all times pertinent herein was a resident of Oklahoma.

27  12.  Defendant Wells Fargo Mortgage Company is a California corporation with its
28  corporation headquarters and principal place of business located in the state of California. Wells

Fargo Mortgage Company does business in Oklahoma as well as throughout the United States. Wells Fargo Mortgage Company is an enterprise engaged in interstate commerce.

13. Defendant Wells Fargo Home Mortgage, Inc., a division of Wells Fargo Bank, National Association is a California corporation with its corporate headquarters and principal place of business located in San Francisco, California. Defendant does business in Oklahoma, and throughout the United States. Defendant can be served with process through its registered agent, Corporation Service Company, 729 INS EXCH BLDG, Des Moines, Iowa 50309.

14. Defendants are jointly and severally liable for their own and their predecessors, affiliates', corporate parents', and subsidiaries' violations of the FLSA and/or California Business and Profession Code sections 172000 et seq.

15. Defendants carried out a joint scheme, business plan or policy in all respects hereto and all acts and omissions herein complained of were performed within the course and scope of said employment, service, agency common scheme, plan and/or policy. Defendants' founders and executive officers directed, authorized, ratified and/or participated in the conduct that gives rise to the claims asserted herein and derived personal financial benefit from such conduct.

## II. CLASS ALLEGATIONS

16. Plaintiffs seek to represent the following classes of persons: All similarly situated persons employed by Defendants throughout the United States at any time within the four years prior to the filing of this complaint whose job duties included selling and originating loans (commonly referred to as "Loan Officers" and/or "Home Mortgage Consultants").

17. Plaintiffs are informed and believe and thereon allege that the persons in the putative classes are so numerous that joinder of all such persons is impracticable and that the disposition of their claims as a class will benefit the parties and the court. Upon information and belief, Plaintiff Miles believes and thereon alleges that there are over one thousand current and former Loan Officers and/or Home Mortgage Consultants throughout the United States.

18. There is a well-defined commonality of interest in questions of law involving and affecting Loan Officers/Home Mortgage Consultants, in that Defendants on a class-wide basis violated the same sections of the Fair Labor Standards Act and/or Business and Professions Code as

to all members of the class.

19. There is a well-defined commonality of interest in questions of fact involving and affecting Loan Officers/Home Mortgage Consultants, in that, among other things:

    a. Defendants had a uniform policy of requiring all to work more than forty hours in a week;

    b. Defendants had a uniform policy of not paying all Loan Officers and/or Home Mortgage Consultants at least one and one-half times their respective regular rates of pay for all hours worked in excess of forty hours per week;

    c. The job duties of all Loan Officers and/or Home Mortgage Consultants are the same, and do not meet the requirements of any exemption from the requirement to pay overtime.

    d. Defendants uniformly mis-classified the position of Loan Officer/Home Mortgage Consultant as exempt from the requirements of the Fair Labor Standards Act with regard to overtime.

20. Plaintiffs' claims alleged herein are typical of those claims which could be alleged by any Loan Officers and/or Home Mortgage Consultants, and the relief sought is typical of the relief which would be sought by each of the Loan Officers and/or Home Mortgage Consultants in separate actions.

21. Plaintiff Miles and Plaintiff Miles' counsel will fairly and adequately represent and protect the interests of all Loan Officers and/or Home Mortgage Consultants. Plaintiff Miles has no conflicts of interest with any putative class member.

22. The prosecution of separate actions by individual Loan Officers and/or Home Mortgage Consultants would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of rights of Loan Officers and/or Home Mortgage Consultants and this disposition of their interest through actions to which they were not parties.

23. A single class action is superior to numerous individual actions as a means of adjudicating those claims.

## CAUSES OF ACTION

**A.   FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. SECTION 201, ET SEQ.**

24.   Plaintiff, individually and on behalf of all similarly situated s and/or Home Mortgage Consultants, hereby restate, re-allege, and incorporate by reference herein the paragraphs stated above in this Complaint as though fully set forth herein.

25.   Pursuant to the F.L.S.A, a person may bring an action directly against his or her employer to recover unpaid wages without first filing a claim with Department of Labor.

26.   Pursuant to the F.L.S.A., employees must be compensated for any and all overtime hours worked.

27.   Defendants intentionally, willfully, and improperly designated the position of Loan Officers and/or Home Mortgage Consultant as exempt from the requirement to be paid overtime wages in order to avoid the payment of overtime wages and other benefits, in violation of the F.L.S.A.

28.   Defendants intentionally, willfully, and improperly failed to pay overtime wages and other benefits to Loan Officers and/or Home Mortgage Consultants in violation of the F.L.S.A.

29.   During the course of employment for Plaintiffs were required to work and did work in excess of forty hours per week.

30.   Defendants required all Loan Officers and/or Home Mortgage Consultants to work and all Loan Officers and/or Home Mortgage Consultants did work in excess of forty hours per week.

31.   Defendants did not pay Plaintiffs employed by Defendants as Loan Officers and/or Home Mortgage Consultants at a rate of one and one-half times their respective regular rates of pay for all hours worked in excess of forty hours per week.

32.   Plaintiffs and all Loan Officers and/or Home Mortgage Consultants were not exempt from the requirement to be paid overtime wages at all times relevant herein.

33.   This practice violates the provisions of the Fair Labor Standards Act, 29 U.S.C. section 201, et, seq. specially 207 (a)(1).  As a result of this unlawful practice, Plaintiff and the similarly situated employees suffered a loss of wages.

34. Defendant failed to pay overtime wages to Plaintiffs and other similarly situated Loan Officers and/or Home Mortgage Consultants during their employment by intentionally, willfully and improperly designating the position of loan offices as exempt from federal law in direct violation of the F.L.S.A.

35. Defendants took unconscionable advantage of the great power disparity between employer and employee by failing to pay overtime wages due and owing to Plaintiffs.

36. By doing, ordering, authorizing, approving, and or ratifying the acts, policies, and practices alleged herein, Defendants acted in conscious and willful disregard of the economic rights, health and welfare of Plaintiffs.

37. Defendants' conduct was willful because Defendants knew Plaintiffs worked overtime and were entitled to overtime wages, yet Defendants chose not pay them overtime compensation.

38. As a result of Defendants' wrongful conduct, Plaintiff have been damaged in amounts to be proven at trial.

39. On behalf of themselves and all similarly situated Loan Officers and/or Home Mortgage Consultants, Plaintiffs request recovery of all unpaid wages, including unpaid overtime wages, and liquidated damages under Federal Law.

40. Plaintiffs also seek punitive damages.

**B.    UNFAIR BUSINESS PRACTICES**

41. Plaintiff individually and on behalf of all persons similarly situated and the general public, hereby restate, re-allege, and incorporate by reference herein the paragraphs stated above in this Complaint as though fully set forth herein.

42. Beginning at an exact date unknown to Plaintiff, Defendants violated California Business & Professions Code, sections 17200, et seq. because it engaged in illegal conduct, including but not limited to violating the federal Fair Labor Standards Act, 29 U.S.C. sections 201, et seq.

43. The federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. Sections 201 et seq. (hereinafter "FLSA"), provides that employers are required to pay overtime wages at a rate of one and one-half times the respective regular rates to non-exempt employees who work in excess of forty hours per week.

44. During the period of four years prior to the filing of this filing of this action through the present Plaintiffs were employees of Defendants.

45. During the period of four years prior to the filing of this action through the present and while employed by Defendants, Plaintiffs were not exempt from the requirements to be paid overtime under the FLSA.

46. During the period of four years prior to the filing of this action through the present Defendants did not pay Plaintiffs one and one-half times their respective regular rates of pay for all hours worked in excess of forty per week.

47. During the period of four years to the filing of this action through the present Defendants did not pay Plaintiffs one and one-half times their respective regular rates of pay for all hours worked in excess of forty per week.

48. Beginning on the date unknown to Plaintiffs, Defendants improperly classified the position of Loan Officers and/or Home Mortgage Consultant as exempt from the requirements to be paid overtime under the FLSA.

49. The facts and omissions of Defendants in the preceding paragraphs, including Defendants' decision to not pay overtime wages in violation of state and/or federal law, emanated from Defendants' headquarters in the State of California.

50. The acts and omissions of Defendants in the preceding paragraphs constitute criminal, unlawful, unfair, deceptive and/or anti-competitive business practices as set forth in Business and Professions Code sections 17200 et seq.

51. Defendants retained benefits acquired from its unlawful business practices.

52. The harm to the plaintiff and the members of the general public outweighs the utility of Defendants' policies and practices of failing to pay overtime wages to nonexempt employees.

53. Plaintiffs are persons of interest pursuant to Business and Professions Code section 17203 because they have been deprived of wages as a result of Defendants' unlawful conduct.

54. Defendants' continuing refusal to pay wages due and owing, including overtime wages, constitutes an ongoing unlawful activity and continuing violation of Business and Professions Code sections 17200 et seq. As such, the Court is justified to issue and injunction pursuant to

Business and Professions Code section 17203 in order to prevent Defendants from continuing to accumulate unjust profits at the expense of their employees and to prevent Defendants from competing unfairly with other law-abiding California businesses. The Court is also justified to order Defendants to restore to any person in interest any money, which may have been acquired by means of such unfair competition.

WHEREFORE Plaintiffs pray for judgment against defendants and each of them as follows:

a. For compensatory damages, including all overtime wages owed;

b. For interest on from the date such amounts were due;

c. For liquidated damages;

d. For punitive damages;

e. For injunctive relief pursuant to the equitable powers of this Court that Defendants be preliminarily and permanently enjoined from failing to pay wages, including overtime wages, due and owning to their employees;

f. For restitution pursuant to the equitable powers of this Court requiring Defendants to restore to persons of interest nationwide all funds acquired by means of any act or practice declared by this Court to be unlawful or fraudulent or to constitute unfair competition under Business and Professions Code sections 17200 et seq.;

g. For costs of suit and attorneys' fees;

h. For an Order that Defendants file with Court and furnish to counsel a list of all names and addresses of all Loan Officers and/or Home Mortgage Consultants employed by Defendants in the United States who currently work or have worked for ht Defendant, its subsidiaries or affiliated companies, within the past four (4) years;

i. Authorize Plaintiff's counsel to issue notice a the earliest possible time to all current and former Loan Officers and/or Home Mortgage Consultants employed by Defendants during the four years immediately preceding this action, informing them that this action has been filed, the nature of this action and of their right to opt-in to this lawsuit if they worked hours in excess of forty hours in a week during the liability period but were not paid overtime as required by the F.L.S.A;

j. Declare and find that Defendants committed one or more of the following acts:(1)

violated overtime provisions of the F.L.S.A. by failing to pay overtime wages to plaintiffs and similarly persons who opt-in to this action and (2) willfully violated overtime provisions of the F.L.S.A.

    k.    For such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff on behalf of herself and all other similarly situated current and former Loan Officers and/or Home Mortgage Consultants and the general public, hereby demand trial by jury of their claims for relief to the extent authorized by law.

DATED: March 15, 2006

By: _____
Micha Star Liberty, SBN 215687
Liberty Law Office
78 First Street
San Francisco, California 94105-2523
micha@libertylawoffice.com
Telephone: (415) 896-1000
Facsimile:  (415) 896-2249

James A. Jones
Karla S. Jackson
GILLESPIE, ROZEN, WATSKY MOTLEY & JONES, P.C.
3402 Oak Grove Avenue, Suite 200
Dallas, Texas 75204
jaj@grwlawfirm.com
kjackson@grwlawfirm.com
Telephone: (214) 720-2009
Facsimile:  (214) 720-2291

Richard J. Burch
BRUCKNER & BURCH, P.L.L.C.
5847 San Felipe, #3900
Houston, Texas 77057
rburch@brucknerburch.com
Telephone: (713) 877-8788
Facsimile:  (713) 877-8065

George McCaffrey
MCCAFFREY & ASSOCIATES, P.L.L.C.
6301 Waterford Blvd., Suite 401
Oklahoma City, OK 73118
Telephone: (405) 767-3300
Facsimile:  (405) 767-3309
george@mccaffreylegal.com

**ATTORNEYS FOR PLAINTIFF, BRENDA MILES, ON BEHALF OF HERSELF AND ALL OTHER SIMILARLY SITUATED PERSONS**