1  H. TIM HOFFMAN, Bar No. 049141
   ARTHUR W. LAZEAR, Bar No. 083609
2  HOFFMAN & LAZEAR
   180 Grand Avenue, Suite 1550
3  Oakland, California 94612
   Telephone:   (510) 763-5700
4  Facsimile:   (510) 835-1311

5  ROBERT W. THOMSPON, Bar No. 106411
   CHRISTINE SCHENONE, Bar No. 115270
6  CALAHAN, McCUNE, WILLIS, APLC
   111 Fashion Lane
7  Tustin, California 92789-3397
   Telephone:   (714) 730-5700
8  Facsimile:   (714) 730-1642
   Email robert_thompson@cmwlaw.net
9        Christine_schenone@cmwlaw.net

10 ATTORNEYS FOR PLAINTIFFS

11

12 LINDBERGH PORTER, JR., Bar No. 100091
   RICHARD H. RAHM, Bar No. 130728
13 LAURA E. HAYWARD, Bar No. 204014
   LITTLER MENDELSON
14 A Professional Corporation
   650 California Street, 20th Floor
15 San Francisco, CA  94108.2693
   Telephone:   (415) 433-1940
16 Facsimile:   (415) 399-8490
   E-mail: lporter@littler.com
17         rrahp@littler.com
           lhayward@littler.com
18
   ATTORNEYS FOR DEFENDANT WELLS
19 FARGO HOME MORTGAGE, a division of
   WELLS FARGO BANK, NATIONAL
20 ASSOCIATION

                                        KARLA JACKSON, Texas Bar No. 24041172
                                        JAMES A. JONES, Texas Bar No. 10908300
                                        (Motions *Pro Hac Vice* Pending)
                                        GILLESPIE, ROZEN, WATSKY, MOTLEY &
                                        JONES, P.C.
                                        3402 Oak Grove Avenue, Suite 200
                                        Dallas, Taxas 75204
                                        Telephone:   (214) 720-2009
                                        Facsimile:   (214) 720-2291
                                        Email: kjackson@grwlawfirm.com
                                               jaj@grwlawfirm.com

                                        KEVIN J. McINERNEY
                                        McINERNEY & JONES
                                        180 Grand Avenue, Suite 1550
                                        Oakland, California 94612
                                        Telephone:   (510) 763-5700
                                        Facsimile:   (510) 835-1311

21

22

23

24

25

26

27

28

UPDATED JOINT CASE MANAGEMENT
STATEMENT

CASE NO. C-05-01175 MHP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MEVORAH, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO HOME MORTGAGE, INC., a division of WELLS FARGO BANK, NATIONAL ASSOCIATION, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. C 05-01175 MHP<br>C 05-02722 MHP<br>C 06-01991 MHP<br><br>**UPDATED JOINT CASE CONFERENCE MANAGEMENT STATEMENT**<br><br>Date: June 26, 2006<br>Time: 3:00 p.m.<br>Dept: 15<br><br>Before The Honorable Marilyn Hall Patel |

Pursuant to the Clerk's Notice issued in the above-captioned matter, the parties in *Mevorah v. Wells Fargo Home Mortgage, Inc.*, Case No. C-05-01175 MHP, *Perez v. Wells Fargo Mortgage Company*, Case No. C-05-02722 MHP, and *Miles v. Wells Fargo Mortgage Company*, Case No. C 06-01991 MHP, hereby provide this Updated Joint Case Management Conference Statement reflecting the status of this proceeding since the last Case Management Conference.

A. **FACTS AND EVENTS UNDERLYING THE ACTIONS.**

    1. **Actions Pending.**

Presently before the Court are three putative class actions against Defendant Wells Fargo Home Mortgage ("Wells Fargo"), proposing to represent all Home Mortgage Consultants ("HMCs") employed in California and/or all HMCs nationwide. In addition, an action styled *Laura Strickler v. Wells Fargo Bank* was filed May 16, 2006 in California Superior Court in San Diego County, alleging California Labor Code overtime violations against Wells Fargo on behalf of HMCs.

The *Mevorah* Action, which was removed to this Court on March 22, 2005, purports to be a collective action and class action representing all Wells Fargo HMCs in California. *See Mevorah* Complaint ¶ 5. The *Mevorah* plaintiff alleges that Wells Fargo did not pay its HMCs

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

UPDATED JOINT CASE MANAGEMENT STATEMENT     1.     CASE NO. C-05-01175 MHP

overtime in alleged violation of the FLSA and California wage-and-hour law, as well as the California Unfair Competition Law ("UCL"). *See Mevorah* Complaint ¶¶ 13, 18, 24.

The *Perez* Action, which was assigned to this Court on August 18, 2005, purports to be a collective action representing all Wells Fargo HMCs nationwide. *See* Perez Complaint ¶ 28. The *Perez* plaintiff alleges that Wells Fargo failed to pay its HMCs overtime in alleged violation of the FLSA and the UCL. *See Perez* Complaint ¶¶ 36-54. On November 21, 2005, the Court tentatively coordinated the *Mevorah* and *Perez* Actions.

On or about December 19, 2005, the action entitled *Perry v. Wells Fargo Home Mortgage*, Case No. 05-890-DRH, was filed in the Southern District of Illinois as a collective action also purporting to represent all Wells Fargo HMCs nationwide. The *Perry* Complaint has one cause of action, which is for failure to pay overtime in violation of the FLSA. *See Perry* Complaint ¶¶ 17-26.

On March 15, 2006 an action was filed in this District, titled *Brenda Miles v. Wells Fargo Mortgage Company*, Case No. 3:06-CV-01991 MEJ ("Miles lawsuit"). The *Miles* lawsuit purports to represent all Wells Fargo HMC's employed by Wells Fargo who allegedly were not paid "overtime" wages. Plaintiff Miles also filed a notice of related case on March 15, 2006. Wells Fargo waived service of process on June 1, 2006. Wells Fargo filed a notice of related case as to *Miles* June 5, 2006. This Court entered an order relating the *Miles* Action on June 7, 2006 and, on June 7, 2006, stayed all discovery and vacated pending dates, and set a Case Management Conference for June 26, 2006

On May 16, 2006 an action was filed in California Superior Court in San Diego County titled *Laura* Strickler *v. Wells Fargo Bank, N.A.*, Case No. GIN05237 ("Strickler lawsuit"). The *Strickler* lawsuit alleges, among other causes of action, that "loan specialists" (*i.e.*, HMCs) employed by WFHM were not paid overtime wages.

### 2. Motions Pending.

On November 17, 2005, this Court issued an Order that, *inter alia*, prohibited the parties from contacting members of the putative class without its permission. *See* Order 8:18 22.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

UPDATED JOINT CASE MANAGEMENT STATEMENT     2.     CASE NO. C-05-01175 MHP

On December 14, 2005, Wells Fargo appealed the November 17 Order to the Ninth Circuit, which has ordered that the opening brief be filed June 12, 2006, which Wells Fargo has filed.

On January 27, 2006, the Perry plaintiff filed a Motion for Conditional Collective Action Certification Pursuant to 29 U.S.C. § 216(b).

In March 2006 Plaintiff Perez filed a Motion with The Multi-district Litigation Panel ("MDL Panel") to transfer and consolidate all cases

On May 25, 2006, Wells Fargo filed a Motion to be heard July 12, 2006, to require Plaintiff Perez to remove a website believed to violate this Court's November 17, 2005 Order.

**B. PRINCIPAL ISSUES.**

The issues on the merits of the litigation remain substantially as identified in previous case management conferences.

**C. ALTERNATIVE DISPUTE RESOLUTION.**

There are no presently scheduled plans for Alternative Dispute Resolution.

**D. CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE.**

Not consented.

**E. DISCLOSURES.**

The parties (with the exception of the *Miles* plaintiff) have made initial disclosures pursuant to Civ. L.R. 16-5 and Fed. R. Civ. P. Rule 26, as set forth in previous Case Management Conference Statements. The parties in *Miles* agree to make initial disclosures pursuant to Civ. L.R. 16-5 and Fed. R. Civ. P. Rule 26 within thirty days of the June 26, 2006 Case Status Conference.

**F. EARLY FILING OF MOTIONS.**

The following significant motions are anticipated.

*Mevorah:* Plaintiffs in the *Mevorah* action anticipate filing a motion for class certification. That motion had originally been scheduled for filing by June 26, 2006. That date has, however, been suspended as a result of the Court's order staying discovery in this action. Before Plaintiffs can proceed with that motion, they will need to complete some initial pre-certification of

discovery.  Plaintiffs anticipate filing the class certification motion within thirty days of completion of such initial discovery.  It is also possible that Plaintiffs may need to file a motion to compel discovery if they are unable to obtain the information that they believe is necessary to proceed with the class certification motion.

*Perez:* Counsel for Plaintiffs and the proposed nationwide class plan to file a Motion to Allow a Website Describing the Case and an Opposition to Motion to Permanently Remove the Website.  They also plan to file a Motion for Class Certification.

*Miles:* Plaintiffs anticipate filing a Motion for Judicial Facilitation of Notice or similar class certification motion.

*Wells Fargo:* Wells Fargo anticipates filing a motion for partial summary judgment or judgment on the pleadings as to certain legal issues.  For example, Wells Fargo will be filing a motion in all three actions as to whether California's Business & Professions Code sections 17200, *et seq.*, can be used to extend the FLSA statute of limitations or (with respect to the *Perez* and *Miles* cases) as to whether there is a basis for Rule 23 certification for HMCs employed and/or outside of California.

G.  **DISCOVERY**.

The Court has recently stayed all discovery in this matter.  Prior to that stay, the Court ordered that the parties refrain from conducting discovery involving the putative class members, while the appeal of the order regulating communications with such class members was pending in the Court of Appeals.

The *Mevorah* Plaintiffs believe that even if the Court should choose to continue to stay discovery from putative class members, discovery should be permitted to continue among the named parties.  Immediately following the lifting of the stay on discovery, Plaintiffs in the *Mevorah* action plan to recommence discovery of Wells Fargo.  Plaintiffs will reschedule the depositions of Defendant's Rule 30(b)(6) witnesses, which had been set prior to the suspension of discovery. Assuming an immediate lifting of the stay on discovery, the cut-off date for pre-certification fact discovery should be August 31, 2006.  The parties should disclose experts relating to Class Certification by July 31, 2006.  The parties should disclose rebuttal experts by August 15, 2006.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

UPDATED JOINT CASE MANAGEMENT STATEMENT         4.         CASE NO. C-05-01175 MHP

Discovery regarding experts on class certification issues should be completed by September 15, 2006. The *Mevorah* Plaintiffs believe that an additional Case Management Conference should be held following the Court's ruling on class certification. That ruling will determine the scope of this litigation, and it would be premature to set schedules for post-certification discovery without an understanding of that scope.

Wells Fargo proposes that the parties exchange written discovery requests within the 30 days of the MDL Panel ruling; that all Plaintiffs (California and elsewhere) begin taking depositions of Wells Fargo's 30(b)(6) witnesses in the 30-60 days after the MDL Panel ruling; that Wells Fargo take the deposition of the named Plaintiffs and any other proposed class representatives in the 30-90 days following the MDL Panel ruling; and that the discovery cut-off for fact discovery should be subject to further Case Management Conference Order.

**H. PRETRIAL AND TRIAL SCHEDULE.**

The parties propose trial setting be deferred until the next Case Management Conference.

**I. DATE OF NEXT CASE MANAGEMENT/STATUS CONFERENCE.**

An additional Case Management Conference should be scheduled for late September 2006.

**J. OTHER MATTERS.**

None.

Counsel for the *Mevorah* Plaintiff:                    Counsel for Wells Fargo

_____                         _____
H. Tim Hoffman                                          Lindbergh Porter, Jr.
HOFFMAN & LAZEAR                                        LITTLER MENDELSON

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

UPDATED JOINT CASE MANAGEMENT STATEMENT     5.     CASE NO. C-05-01175 MHP

Counsel for the *Perez* Plaintiff:

_____
Christine Schenone
CALLAHAN, McCUNE & WILLIS, APLC


Counsel for the *Miles* Plaintiff:

_____
Karla S. Jackson
GILLESPIE, ROZEN, WATSKY, MOTLEY & JONES, P.C.

Firmwide:81215534.1 051995.1003

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

UPDATED JOINT CASE MANAGEMENT STATEMENT            6.            CASE NO. C-05-01175 MHP