UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE WELLS FARGO HOME MORTGAGE OVERTIME PAY LITIGATION | No. C-06-1770 EMC |
| THIS CASE RELATES TO ALL CASES _____/ | **ORDER TO SHOW CAUSE**<br><br>For Case Nos.:<br>C-06-1770 EMC, *Mevorah, Urso*<br>C-06-4481 EMC, *Perry*<br>C-05-1175 EMC, *Mevorah*<br>C-05-2722 EMC, *Perez*<br>C-06-1991 EMC, *Miles* |

Plaintiff Caroline Urso and Defendant Wells Fargo Home Mortgage have filed a joint request asking the Court to terminate the MDL action and transmit a copy of the order terminating the action to the Clerk of the MDL panel pursuant to MDL Rule 10.1(a). *See* Docket No. 417 in Case No. C-06-1770 EMC (stipulated request). Having reviewed the request, the Court hereby issues the order to show cause for each of the following cases that comprise the MDL action (*i.e.*, Cases Nos. C-06-1770 EMC, C-06-4481 EMC, C-05-1175 EMC, C-05-2722 EMC, and C-06-1991 EMC).

More specifically, the Court orders the parties in each case to show cause why the stipulated request should not be granted and why the MDL action, including its underlying cases, should not be dismissed with prejudice and terminated as a result. This order is necessary because, in at least some of the underlying cases, state law claims were asserted in the complaint in addition to claims under the FLSA. Thus, the settlement of the FLSA claims did not necessarily dispose of the underlying cases in their entireties.

1    The Court acknowledges that plaintiffs' counsel in several of the cases have orally
2 represented to the Court that there are no claims that are being pursued such that the cases may be
3 closed. However, to ensure that the record is clear that the cases and MDL action should in fact be
4 closed, the Court finds this order to show cause appropriate. A response to this order to show cause
5 is necessary *only if* a party believes that the MDL action, including its underlying cases, should *not*
6 be dismissed with prejudice and terminated as a result. Thus, if counsel believe there is nothing to
7 pursue, then they need not respond, and the lack of a response shall be deemed an admission that the
8 MDL action should be dismissed with prejudice and terminated.

9    **Any response to the order to show cause must be filed by November 23, 2011.**

10    If the Court receives no responses to this order to show cause, then the Court shall grant the
11 stipulated request, and the Clerk of the Court transmit a copy of the terminating order to the MDL
12 Panel. *See* MDL Rule No. 10.1(a) (providing that, "[w]here the transferee district court terminates
13 an action by valid order, including but not limited to summary judgment, judgment of dismissal and
14 judgment upon stipulation, the transferee district court clerk shall transmit a copy of that order to the
15 Clerk of the Panel"). The cases related to the MDL action, to the extent they have not been
16 resolved, shall then continue as individual cases (because of the decertification of the Rule 23
17 California class).

18    A copy of this order is being filed in Case No. C-11-3841 LB because, although it is not one
19 of the cases comprising the MDL action, the plaintiffs in the case have asked that the case be related
20 to the MDL action. As it appears that the MDL action may be terminated, the Court formally defers
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

2

ruling on the motion to relate in Case No. C-11-3841 LB. Assuming that the MDL action be terminated, then the plaintiffs should re-notice the motion to relate in the next lowest-numbered case that is not part of the MDL, which appears to be Case No. C-10-0744 EMC. The Court would be inclined to grant that motion to relate.

IT IS SO ORDERED.

Dated: November 7, 2011

_____
EDWARD M. CHEN
United States District Judge